UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL D. MORRIS,

            Plaintiff,

v.

JANE/JOHN DOES, MICHAEL
MEISNER, and INMATE
COMPLAINT STAFF,

            Defendants.

Case No. 25-CV-650-JPS

**ORDER**

      Plaintiff Michael D. Morris ("Plaintiff"), an inmate confined at Fox Lake Correctional Institution ("FLCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On August 11, 2025, the Court screened the complaint and allowed Plaintiff to proceed on an Eighth Amendment claim against Defendant Meisner and Doe defendants for their alleged deliberate indifference to Plaintiff's serious medical need. ECF No. 13 at 8. The Court also ordered Defendant Meisner to respond to Plaintiff's motions for an emergency injunction, construed as a motion for a preliminary injunction, on or before September 2. 2025. ECF No. 13 at 9. Following the screening order, Plaintiff filed an amended complaint, ECF No. 14, a motion for an order to rescreen, ECF No. 16, and a motion for clarification. ECF No. 17.

      On September 2, 2025, Defendant Meisner filed a motion for an extension of time to respond to the motion for a preliminary injunction. ECF No. 20. On September 3, 2025, the Court granted Defendant's motion; Defendant timely responded on September 9, 2025. ECF Nos. 23, 24. Thereafter, Plaintiff filed motions for orders, motions for sanctions, a

motion to amend the complaint, and a motion for order. ECF Nos. 22, 25, 27, 28, 31, 36. The Court considers the pending issues in turn.

1.   **AMENDED COMPLAINT**

Plaintiff filed his amended complaint shortly after the Court screened the original complaint and prior to Defendant's answer. *See* ECF Nos. 13, 14, 35. Federal Rule of Civil Procedure allows a party to amend their pleading once as a matter of course no later than twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). As such, the Court will screen the amended complaint pursuant to 28 U.S.C. § 1915A(a). The Court will also accordingly deny Plaintiff's motion to rescreen, motion for clarification, and motion to amend the complaint, ECF Nos. 16, 17, 28, as moot.

   **1.1   Federal Screening Standard**

Under the Prison Litigation Reform Act (PLRA), the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Analysis

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the

few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.*

The Court finds that Plaintiff's amended complaint violates Rule 8(a)(2) of the Federal Rules of Civil Procedure and will therefore be stricken. The complaint does not include "a short plain statement of the claim showing that the pleader is entitled to relief," as the rule requires. Fed. R. Civ. P. 8(a)(2). Instead, the amended complaint is thirty-three pages of single-spaced handwriting and appears to relate to incidents that occurred over a period of years between 2023 and 2025. The Court finds that this complaint fails to comply with Rule 8(a)(2). Therefore, the Court will instruct the Clerk of Court to strike the amended complaint. The case will proceed on the original complaint on the Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs. If Plaintiff wishes to amend his complaint again, he must comply with the following guidance.

Civil Local Rule 15 requires that a motion to amend a complaint notify the court of the proposed changes and the proposed amended complaint be filed as an attachment to the motion. Should Plaintiff wish to file a motion to amend the complaint, Plaintiff should identify the difference between his operative complaint and his proposed second amended complaint. He also must attach his proposed second amended complaint to his motion. Any amended complaint must be complete in and of itself, without reference to or reliance on prior complaints. Should

Page 4 of 13
Case 2:25-cv-00650-JPS   Filed 11/17/25   Page 4 of 13   Document 39

Plaintiff seek to amend his complaint again, he is instructed to comply with this guidance.

When writing an amended complaint, Plaintiff should provide the Court with enough facts to answer the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court also cautions Plaintiff of his obligation to comply with Federal Rules of Civil Procedure 18 and 20 when amending his complaint. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions").

The Court notes that Plaintiff's amended complaint appears to violate Rules 18 and 20. Plaintiff brings his amended complaint against nineteen individuals. It is often unclear which defendant Plaintiff refers to because he uses the phrase "they" to describe people. *See* ECF No. 14 at 5 ("Upon arrival within one week they took his second pair of medical

sunglasses…."). Further Plaintiff brings claims that do not appear related to the medical claims at issue on the original complaint. Plaintiff identifies the following claims: (1) Eighth Amendment claim for deliberate indifference to his eye condition; (2) First Amendment retaliation claim for filing grievances; (3) Eighth Amendment claim for deliberate indifference for taking his medications (fiber pills, witch hazel, and antibiotic ointment); (4) mental and emotional abuse/retaliation; (5) due process claim for taking money to pay filing fees; (6) illegal deprivation of property (tv/SOT/sunglasses/fiber/sumatriptan); (7) Stimulus/100% from all monies. *Id.* at 22–32. Plaintiff's claims do not appear to comply with Rule 18 and 20. Plaintiff must consider this guidance if he wishes to amend his complaint going forward.

## 2. PRELIMINARY INJUNCTION

Next, the Court will deny Plaintiff's motions for preliminary relief. ECF Nos. 1, 6. A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, whether through a TRO or preliminary injunction, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." *Orr v. Shicker*, 953 F.3d 490, 501 (7th Cir. 2020) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court must balance the harm to each party and to the public interest from granting or denying the

injunction. *See Wood*, 496 F.3d at 622; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

In the context of prisoner litigation, the scope of the court's authority to issue an injunction (including a TRO) is circumscribed by the PLRA. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

Here, Plaintiff fails to carry the burden of persuasion that the drastic remedy of a preliminary injunction is appropriate in this instance. Plaintiff alleges being denied access to his medically necessary sunglasses despite having previously been granted permission for his permanent eye condition, photophobia. *See* ECF No. 13 at 5. The relief Plaintiff seeks is not entirely clear; Defendant interprets it as a request to order the Department of Corrections to provide Plaintiff with specific eyewear as treatment for his eye condition. ECF No. 24 at 1.

In response, Defendant points to the fact that an optometrist previously discontinued the restriction for indoor sunglasses as a security risk. *Id.* at 2. This later became an issue in May 2025 when Plaintiff's wraparound tinted glasses broke, and security confiscated the broken glasses. *Id.* Plaintiff was able to purchase clip-on sunglasses from the institution catalogue; however, he objected to the loss of his wraparound

tinted glasses and went on a hunger strike as a result. *Id.* Since filing the complaint, Defendant argues that Plaintiff has continued to receive "extensive medical care." ECF No. 24 at 3. At a July 6, 2025 hunger strike assessment, records indicate that Plaintiff said he would eat in his room and was drinking lots of water. *Id.* At a follow up visit on July 10, 2025, records indicate Plaintiff reported "eating all meals and drinking fluids." *Id.* (quoting Ex. 1000:7). In July 2025, Plaintiff saw an optometrist to address his issues; the nursing note from this visit provides in relevant part: "Dr. Carli does not agree that photophobia requires [Plaintiff] to wear the sunglasses while inside units. The tinted glasses should be worn inside units with utilization of the sunglasses outside only." ECF No. 24-1 at 6. Defendant provides that, "[c]onsistent with that recommendation, an institution physician entered an order that [Plaintiff] be permanently allowed to wear wraparound glasses inside." ECF No. 24 at 2 (citing Ex. 1000:5, 10). Plaintiff had another medical visit on September 5, 2025 where his vitals were taken.[1]

      The Court finds that Plaintiff has not shown a reasonable chance of success on the merits of his underlying claims. Defendant provides documented evidence showing Plaintiff has received recent medical treatments for his eye and hunger strike issues. Plaintiff responds that Defendant, in part, is simply lying about the care he recently received. *See* ECF No. 33. For example, Plaintiff argues it is a lie that he was allowed wraparound glasses for indoors. ECF No. 33 at 5. He further argues that the

---

[1]The Court notes that Plaintiff's medical records do show a somewhat significant weight loss over the course of the 2025 summer. On July 6, 2025, Plaintiff weighed 177 pounds whereas on September 5, 2025, he weighed 159 pounds. *Compare* ECF No. 24-1 at *with* ECF No. 24-1 at 3. This fact alone, however, does not suggest that Plaintiff is entitled to a preliminary injunction for his requested eyewear.

eye doctor did not examine him and instead just reiterated B. South's earlier claim. *Id.* While Plaintiff's version of facts may, of course, be true, "a dispute of fact is not enough to warrant the extraordinary remedy of a preliminary injunction." *See Scuteri v. Russell*, No. 2:24-CV-00424-JPH-MG, 2025 WL 328095, at *5 (S.D. Ind. Jan. 29, 2025). Given the deference to which a medical providers' treatment decisions are entitled, Plaintiff's "allegations alone, "in the absence of any supporting medical evidence, are not enough to show that his chances of success on his underlying claims are better than negligible." *See Bergeron-Davila v. Masciopinto*, No. 20-CV-13-JDP, 2020 WL 4284309, at *3 (W.D. Wis. July 27, 2020). As such, the Court will accordingly deny Plaintiff's motions for preliminary relief.

### 3. SANCTIONS AND OTHER REQUESTED RELIEF

Plaintiff seeks sanctions in relation to Defendant's failure to timely respond to his motion for preliminary relief. ECF Nos. 27, 31. Plaintiff's request is misplaced, however, because the Court granted Defendant's extension of time and Defendant thereafter timely responded. The Court will accordingly deny Plaintiff's motions for sanctions.

Next, the Court will deny Plaintiff's motions for orders. ECF Nos. 22, 25. Plaintiff seeks the ability to file cross summary judgment motions. ECF No. 22. The Court will deny this request as premature. Plaintiff additionally seeks access to his "Emergency Medical Report" ("EMR"). *Id.* He believes he needs access to this record because his regular HSU record has already been altered. Plaintiff asserts that his EMR cannot be altered by HSU. Defendant maintains that the request is premature because discovery is not yet open. ECF No. 34. Defendant further indicates he is unsure exactly what records Plaintiff seeks or whether they exist. *Id.* Defendant also indicates that Plaintiff was provided with the relevant records enclosed with his

preliminary injunction response. *Id.* The Court agrees with Defendant that Plaintiff's request is premature. Discovery disputes are best worked out together by the parties. *See* Civil Local Rule 37 (requiring the parties to confer in good faith to resolve discovery disputes). Here, this is particularly true in light of the fact that Defendant is unsure what records Plaintiff seeks. The Court will therefore deny this portion of Plaintiff's motion at this time. Plaintiff may renew his request to the extent he is later unable to obtain this portion of his medical records.

The Court will also deny Plaintiff's requests for the Department of Corrections to verify the date of his mail deliveries in writing or for the Court to provide additional information about his filings. ECF Nos. 25, 31, 36. Plaintiff indicates short delays in receiving mail in this case. For example, a letter from Defendant was dated September 2, 2025, but Plaintiff did not receive it until September 5, 2025. Plaintiff also refers to mailing problems he had at FLCI in another case in 2023. The Court declines to intervene in this instance because involvement in the day-to-day operations of a prison is something that federal courts should be hesitant to do. *See Johnson v. California*, 543 U.S. 499, 529 (2005) ("Well before *Turner*, this Court recognized that experienced prison administrators, and not judges, are in the best position to supervise the daily operations of prisons across this country."). Minimal delays from mailing issues are common in pro se cases. Here, Plaintiff describes only minimal delays in receiving documents in this case. To the extent Plaintiff needs additional time to complete any of his filings as a result of any future mailing issues, the Court notes that it freely grants extensions of time to pro se prisoners when appropriate. The Court will accordingly deny Plaintiff's motions in this respect.

Page 10 of 13
Case 2:25-cv-00650-JPS   Filed 11/17/25   Page 10 of 13   Document 39

## 4. CONCLUSION

As discussed above, the Court denies Plaintiff's motions for a preliminary relief and denies his motions for sanctions and miscellaneous relief. Plaintiff currently proceeds on an Eighth Amendment claim deliberate indifference to his serious medical need. *See* ECF No. 13. Should Plaintiff wish to amend his complaint going forward, he must comply with the Court's guidance in this Order. Finally, the Court notes Plaintiff's obligation to identify the Doe defendants in this case. *Id.* Given Plaintiff's attempt to amend the complaint, the Court will allow Plaintiff an additional thirty days to identify the Doe defendants. Plaintiff is warned that the failure to comply with this order will result in the dismissal of the Doe defendants without further notice.

Accordingly,

**IT IS ORDERED** that the Clerk of Court strike the amended complaint, ECF No. 14, for the failure to comply with Rule 8;

**IT IS FURTHER ORDERED** that Plaintiff's motions for a preliminary injunction and/or protective order, ECF Nos. 1, 6, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for rescreening, motion for clarification, and motion to amend the complaint, ECF Nos. 16, 17, 28, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for orders, ECF Nos. 22, 25, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions for sanctions, ECF Nos. 27, 31, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion for order, ECF No. 36, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Plaintiff must identify the Doe defendants on or before **December 18, 2025**; the failure to comply with this order will result in the dismissal of the Doe defendants without further notice.

Dated at Milwaukee, Wisconsin, this 17th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.