**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| MICHAEL D. MORRIS,<br><br>Plaintiff,<br>v.<br><br>JANE/JOHN DOES, MICHAEL MEISNER, and INMATE COMPLAINT STAFF,<br><br>Defendants. | Case No. 25-CV-650-JPS<br><br>**ORDER** |

Plaintiff Michael D. Morris ("Plaintiff"), an inmate confined at Fox Lake Correctional Institution ("FLCI"), filed a pro se complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated. ECF No. 1. On August 11, 2025, the Court screened the complaint and allowed Plaintiff to proceed on an Eighth Amendment claim against Defendant Meisner and Doe defendants for their alleged deliberate indifference to Plaintiff's serious medical need. ECF No. 13 at 8. On November 17, 2025, the Court denied Plaintiff's motions for preliminary relief. ECF No. 39. On April 2026, the Court granted Plaintiff's motion to amend the complaint and allowed him to file an amended complaint in compliance with the Court's guidance. ECF No. 51. Plaintiff did not file an amended complaint thereafter. Now pending before the Court are Plaintiff's various motions requesting emergency injunctive relief, motions to expedite, and motion to correct the record. ECF Nos. 50, 52, 53, 55, 56, 57, 58, 62, 63.

First, the Court will deny Plaintiff's requests for preliminary relief. Plaintiff has flooded the Court with lengthy and numerous requests for it to reconsider its previous decision denying Plaintiff's motions for

preliminary relief. Because there has not yet been a final judgment in this case, Federal Rule of Civil Procedure ("Rule") 54(b) governs Plaintiff's motions for reconsideration. *See Bhatia v. Vaswani*, No. 18-CV-2387, 2020 WL 3578004, at *2 (N.D. Ill. July 1, 2020). Under Rule 54(b), "any order or other decision [ ] that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *see also Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.), opinion amended on denial of reh'g, 835 F.2d 710 (7th Cir. 1987) (affirming district court's denial of motion to reconsider under Rule 54(b)).

Revisions under Rule 54(b) are discouraged and should be reserved for circumstances in which the initial decision was "clearly erroneous and would work a manifest injustice." *See Ghashiyah v. Frank*, 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)) (internal quotation marks omitted). In general, "litigants must fight an uphill battle in order to prevail on a motion for reconsideration." *Id.* (citation and internal quotation marks omitted). Motions to reconsider under Rule 54(b) "are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Ghashiyah*, 2008 WL 680203, at *3. The Court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial, points to evidence in the record that clearly establishes a manifest error of law or fact, or if the Court previously misunderstood a party's arguments. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012). Rule 59(e) motions are "not

appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Id.* (citation and internal quotation marks omitted). A party moving for reconsideration bears a heavy burden and its motion must be supported by a showing of extraordinary circumstances. *Mahurkar v. C.R. Bard, Inc.*, 2003 WL 22844237, at *1 (N.D. Ill. Dec. 1, 2003) (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

As described in the Court's previous order, a preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). In the context of prisoner litigation, the scope of the court's authority to issue an injunction (including a TRO) is circumscribed by the PLRA. *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage" (internal quotation marks and citation omitted)).

Here, the Court again finds that Plaintiff fails to carry the burden of persuasion that the drastic remedy of a preliminary injunction is appropriate in this instance. Plaintiff has not provided newly discovered evidence nor shown a manifest error of law. Plaintiff's dissatisfaction with the Court's prior decision is insufficient to meet the standard for

reconsideration. As the Court previously explained, while Plaintiff's version of facts may, of course, be true, "a dispute of fact is not enough to warrant the extraordinary remedy of a preliminary injunction." *See Scuteri v. Russell*, No. 2:24-CV-00424-JPH-MG, 2025 WL 328095, at *5 (S.D. Ind. Jan. 29, 2025). As such, the Court will accordingly deny Plaintiff's motions for preliminary relief.

Second, the Court will deny Plaintiff's various motions to correct the record. The Court has yet to enter a scheduling order in this case. To the extent that Plaintiff needs to cite to any submitted documents in support of a later filed motion, he is free to do so. To the extent that he wishes to amend his complaint, he must comply with the procedural requirements to do so. The Court now understands that Plaintiff wishes to proceed on his previously filed proposed amended complaint, ECF No. 47-1; however, the Court is not currently granting leave to amend and screening this complaint for a few important reasons. First, it is still not clear what changes Plaintiff wishes to make in an amended complaint. Civil Local Rule 15 requires that a motion to amend a complaint notify the court of the proposed changes and the proposed amended complaint be filed as an attachment to the motion. The Court will not allow Plaintiff to proceed on any future amended complaint without complying with this important requirement.

Additionally, Plaintiff's proposed amended complaint is not "a short plain statement of the claim showing that the pleader is entitled to relief," as Federal Rule of Civil Procedure 8 requires. Fed. R. Civ. P. 8(a)(2). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir.

2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)). Here, Plaintiff filed an eighteen-page, single-spaced complaint that names sixteen defendants. *See* ECF No. 47-1. The amended complaint contains too many irrelevant details that conceal the allegations that matter relating to who allegedly denied Plaintiff medical care. "[T]his branch of the court has neither the time nor the resources to engage in what might be charitably described as an archeological dig or truffle hunt." *Sinthasomphone v. Ally Fin. Inc.,* No. 21-CV-863-JPS, 2022 WL 1486512, at *1 (E.D. Wis. May 11, 2022); *see also United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

The Court will freely grant Plaintiff leave to amend his complaint should he wish to identify the Does in this case and explain how they violated his constitutional rights. The Court will promptly enter a scheduling order that will include a deadline to identify the Doe defendants. The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper.

Additionally, the Court notes the following information to aid Plaintiff in any future amendment. For a prison official to be personally liable, he must have participated in some way with the alleged

constitutional violation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.") (internal quotation marks and citation omitted); *see also Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Generally, the denial of a grievance "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). This case is proceeding on a deliberate indifference claim against defendants for their alleged deliberate indifference to Plaintiff's serious medical need. Plaintiff does not proceed on claims for retaliation. To the extent that Plaintiff believes he can state a First Amendment retaliation claim, he is free to do so in a separate case. The Court encourages Plaintiff to focus his efforts on the claims proceeding in this case and to stop filing numerous and repetitive motions in order for this case to efficiently move forward.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for preliminary relief and to expedite, ECF Nos. 50, 52, 56, 58, 62, be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motions to amend the record, ECF Nos. 53, 55, 57, 63, be and the same are hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form.

Dated at Milwaukee, Wisconsin, this 25th day of November, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge